CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

FEB 11 2011

JULIA C. DUDLEY, CLERK
BY:
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
Roanoke Division

| | |
|---|---|
| DANIEL RYAN JESSEE, ) | Civil Action No. 7:10-cv-00224 |
| *Petitioner*, ) | |
| v. ) | **MEMORANDUM OPINION** |
| GENE JOHNSON, ) | |
| ) | By: Hon. James C. Turk |
| *Respondent*. ) | Senior United States District Judge |

Daniel Ryan Jessee ("Jessee"), a state inmate proceeding pro se, brings this petition for a writ of habeas corpus pursuant to 22 U.S.C. § 2254. Jessee asserts that his continued detention violates the U.S. Constitution because: (1) his murder conviction violated the 5th Amendment's protection against self-incrimination, (2) his murder conviction violated the 5th Amendment's protection against double jeopardy; (3) his two convictions were inconsistent, (4) his murder conviction resulted from an improper police investigation, (5) there was prosecutorial misconduct, (6) he was maliciously prosecuted, and (7) his counsel was ineffective. Respondent filed a motion to dismiss, to which Jessee responded, making the matter ripe for disposition.

Upon review of the parties' arguments and the case record, the Court finds that the Respondent's motion to dismiss must be **GRANTED**, and Petitioner's request for § 2254 relief must be **DENIED**.

**I. Background and Procedural History**

On March 26, 2004, Jessee and James Kite ("Kite") were involved in an altercation in the Bristol, Virginia train station parking lot. Jessee's counsel argued at trial that Jessee was in the driver's seat and Kite was in the back seat when Kite reached around the driver's seat and

stabbed Jessee. Jessee's counsel then argued that Kite then exited the vehicle and approached the driver side door. As Kite began reaching for the driver side door, Jessee sped away. Jessee then turned around, drove back toward the train station parking lot, accelerated, and struck Kite. After striking Kite, Jessee left the scene.

On August 24, 2004, a grand jury charged Jessee in a two-count indictment with first-degree murder, in violation of Virginia Code § 18.2-32, and felonious leaving the scene of an accident resulting in death, in violation of Virginia Code § 46.2-894. Jessee pled guilty to the felony hit-and-run charge at the opening of the first day of trial on May 3, 2005. At the same time, Jessee pled not guilty to the charge of first-degree murder. After a trial by jury in the Circuit Court of the City of Bristol, the jury found Jessee guilty of the lesser-included offense of second-degree murder. On July 12, 2005, the court sentenced Jessee to 17 years incarceration for second-degree murder and 14 months for felony hit-and-run.

Jessee appealed to the Virginia Court of Appeals, contending that his pre-trial guilty plea on the hit-and-run chrage precluded the Commonwealth from prosecuting him for intentional homicide. The Court of Appeals denied Jessee's appeal on March 7, 2006. Jessee next filed a petition for a writ of habeas corpus seeking delayed appeal in the Supreme Court of Virginia, which was granted on October 29, 2007. Jessee then appealed to the Supreme Court of Virginia, which refused his appeal on August 11, 2008. He then filed a petition for habeas corpus in the Supreme Court of Virginia on July 29, 2009, alleging (1) ineffective assistance of counsel and (2) prosecutorial misconduct. The Supreme Court dismissed his petition on April 16, 2010.

On May 17, 2010, Jessee filed a § 2254 petition in this Court, alleging that his continued detention was unconstitutional because (1) his murder conviction violated the 5th privilege against self-incrimination, and (2) the protection against double jeopardy; (3) the two convictions

2

are logically inconsistent; (4) the police investigation was improper; (5) the prosecution unconstitutionally failed to disclose favorable evidence to Jessee; (6) the murder conviction resulted from prosecutorial misconduct; and (7) Jessee's trial and appellate counsels were ineffective.

## II. Standard of Review

Federal courts will entertain a defendant's writ of habeas corpus "only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a) (2010). However, when reviewing the writ, federal courts are required "to accord state-court factual findings a presumption of correctness." Hernandez v. New York, 500 U.S. 352, 366 (1991). This presumption "appl[ies] with equal force to [a federal court's] review of a state trial court's findings of fact made in connection with a federal constitutional claim," except for exceptional circumstances. Id.

## III. Waived Claims

### a. Double Jeopardy, Inconsistent Verdicts, Improper Investigation

A federal court may only grant habeas relief for exhausted state claims that have been presented to the highest state court. O'Sullivan v. Boerckel, 526 U.S. 838, 842 (1999); 28 U.S.C. § 2254(b) (2010). "The burden of proving a claim has been exhausted lies on the petitioner." Matthews v. Evatt, 105 F.3d 907, 911 (4th Cir. 1997). A state prisoner is considered to have properly exhausted a claim if he raised that claim either on direct appeal or in a state habeas petition. See Ylst v. Nunnemaker, 501 U.S. 797, 805 (1991).

If a petitioner failed to present a claim to the state court and would now be barred from doing so under an independent and adequate state law ground, his federal version of the claim is barred from review on the merits, absent a showing of cause and actual prejudice, or a showing

3

of actual innocence. Teague v. Lane, 489 U.S. 288, 298 (1989) (holding that non-exhausted claim need not be dismissed as non-exhausted if claim would be defaulted in state court); Bassette v. Thompson, 915 F.2d 932, 935-37 (4th Cir. 1990) (finding that claims not raised previously that would be procedurally barred from review by the Supreme Court of Virginia now are simultaneously exhausted and defaulted). In Virginia, a claim is procedurally barred when the petitioner could have presented the claim at trial and on appeal but did not. Slayton, 215 Va. at 29. The Fourth Circuit has recognized Slayton as an independent and adequate rule procedurally barring federal habeas review. See Wright v. Angelone, 151 F.3d 151, 159–60 (4th Cir. 1998).

In this § 2254 petition, Jessee charges, inter alia, that (1) his murder conviction violated his 5th Amendment protection against double jeopardy; (2) his hit-and-run felony conviction and first-degree murder charge were inconsistent, and thus violated his due process right; and (3) his murder conviction resulted from a constitutionally improper police investigation. Respondent correctly points out, however, that Jessee did not properly present any of these three claims to the Supreme Court of Virginia, and thus these three claims are procedurally defaulted. Respondent asserts that the time has passed for Jessee to present them to the Supreme Court of Virginia on direct appeal. Dkt. 13, at 6; see Va. Code § 8.01-675.3; Sup. Ct. Va. R. 5A:6(a). Additionally, Respondent argues that Jessee could not present these three claims to the Supreme Court of Virginia in a new habeas petition because it would violate Virginia's prohibition of successive habeas petitions. Va. Code § 8.01-654(B)(2).

Both of Respondent's arguments are correct. Jessee failed to present these claims to the highest state court, and he would be precluded from presenting these claims to the Supreme Court of Virginia now because they are time barred from a direct appeal and they would

4

constitute a successive petition if presented in habeas. All three of these claims are thus procedurally defaulted, and Jessee fails to demonstrate any basis for a finding of prejudice or miscarriage of justice. Because these claims are simultaneously unexhausted and procedurally defaulted, they are precluded from federal habeas review. Bassette v. Thompson, 915 F.2d 932, 937 (4th Cir. 1990).

### b. Prosecutorial Misconduct

In his habeas petition to the Supreme Court of Virginia, Jessee *did* charge prosecutorial misconduct. To support this claim, Jessee alleged that the prosecution failed to disclose evidence favorable to him.[1] However, Respondent argues, this claim is also procedurally barred from federal review. Dkt. 13, at 6–7. Indeed, upon review of Jessee's habeas petition, the Supreme Court of Virginia barred this claim because the issue "could have been raised at trial and on direct appeal," and was not. Jessee v. Dir. of Dep't of Corrections, No. 091597 (Va. Apr. 16, 2010). Thus, the court found his prosecutorial misconduct claim was "not cognizable in a petition for a writ of habeas corpus." Jessee v. Dir. of Dep't of Corrections, No. 091597 (Va. Apr. 16, 2010). Because this claim was adjudicated on independent and adequate state law grounds, it too is procedurally defaulted. This Court does not find, and Jessee does not contend, that this procedural bar caused Jessee actual prejudice or results in a fundamental miscarriage of justice. Accordingly, Jessee's § 2254 prosecutorial misconduct claim must be dismissed.

### c. Ineffective Assistance of Counsel

In this § 2254 petition, Jessee claims that his trial counsel was ineffective for (1) failing to introduce evidence of an argument that Jessee had with his murder victim before the crime;

---

[1] More specifically, Jessee alleged that the prosecution failed to disclose (1) Kite's knife; (2) the identity of the law enforcement officer responsible for ordering forensic testing of the knife; (3) the results of the forensic testing; (4) the precise mechanism and dynamics of the stabbing; (5) all evidence relating to Jesse's stabbing; (6) the crutches and orthopedic shoe used by Jessee at the time of the incident; (7) the shirt Jessee was allegedly wearing when he was stabbed; (8) the identify of two witnesses at the scene of the incident; and (9) evidence of threats made by Jessee.

5

and (2) resting solely on a motion to quash the murder indictment, thereby failing to prepare an adequate defense. Jessee presented neither of these claims to the Supreme Court of Virginia. Furthermore, these three claims are procedurally defaulted because Jessee could not present any of them to the Supreme Court of Virginia in a new habeas petition without violating Virginia's prohibition of successive habeas petitions. Va. Code § 8.01-654(B)(2). Jessee does not allege prejudice or a miscarriage of justice, and these claims are both unexhausted and procedurally defaulted. Therefore, they are precluded from federal habeas review. Bassette, 915 F.2d at 937.

## IV. Non-waived Claims

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) governs the merits of Jessee's claims in this § 2554 petition. Pursuant to the AEDPA, a federal court may not grant habeas relief for any claim "that was adjudicated on the merits in State court proceedings," unless the adjudication "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law," or "resulted in a decision that was based on an unreasonable determination of the facts." 28 U.S.C. § 2254(d)(1)–(2) (2010).

The Fourth Circuit accords the "contrary to" and "unreasonable application" clauses independent meaning. See Powell v. Kelly, 562 F.3d 656, 664 (4th Cir. 2009). A state court decision is "contrary to" clearly established clearly established federal law if the state court's decision (1) differs from U.S. Supreme Court precedent as a matter of law or (2) differs from a U.S. Supreme Court case with materially indistinguishable facts. Williams v. Taylor, 529 U.S. 362, 405 (2000). Additionally, if the state court (1) unreasonably applied the correct legal rule to the facts, (2) extended a federal legal principle in a case where it should not be applied, or (3) refused to extend a federal legal principle to cases where it should be applied, then a state court decision is an "unreasonable application" of clearly established federal law. Id. at 407.

### a. Ineffective Assistance of Counsel

This Court may only entertain the ineffective assistance claims that were raised in the highest state court. The only claims Jessee raises in his § 2254 petition that he also presented to the Supreme Court of Virginia are: (1) Jessee's counsel's failed to object or appeal the fact that Jessee did not have access to the knife Kite used to stab him, or that there were no forensic tests conducted on the knife; (2) Jessee's counsel's failed to properly relay to the jury an accurate portrayal of Jessee's state of mind that was induced and immediately resulted from Kite's malicious act; (3) Jessee's counsel improperly advised Jessee not to testify at trial; and (4) Jessee's counsel's failed to properly brief Jessee's issues on appeal.

In order to successfully challenge a sentence on the basis of ineffective assistance of counsel, Jessee must satisfy the test set forth by the United States Supreme Court in Strickland v. Washington, 466 U.S. 668 (1984). In Strickland, the Court held that a finding of ineffective assistance of counsel requires a two-prong showing, and a habeas petitioner bears the burden of persuasion for both prongs. Id. at 687.

First, Jessee must show that the attorney's performance "fell below an objective standard of reasonableness," where reasonableness is determined under the "prevailing professional norms." Strickland at 688. In assessing an attorney's performance, a court must be highly deferential to tactical decisions and the court must filter from its analysis the "distorting effects of hindsight." Id. at 689. Moreover, there is a "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Id.

Second, Jessee must show that counsel's deficient performance caused prejudice. Id. at 692. To establish prejudice, a petitioner must show that there is a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A

7

reasonable probability is a probability sufficient to undermine the confidence of the outcome." Id. at 694. Failure to satisfy either prong is fatal to a petitioner's claim.

### 1. Counsel Failed to Object or Appeal Evidence Regarding the Victim's Knife

Jessee first claims that (1) his counsel failed to object or appeal the fact that Jessee did not have access to the knife Kite used on him, and (2) his counsel failed to object to the lack of forensic tests conducted on the knife. The Supreme Court of Virginia reviewed both these claims together. After reviewing the record, including the trial transcript, the Supreme Court of Virginia found the record demonstrated "that the jury heard all of the relevant information regarding the stabbing, [Jessee's] action after he was stabbed, and the medical treatment he received." Jessee v. Dir. of Dep't of Corrections, No. 091597 (Va. Apr. 16, 2010). The Supreme Court of Virginia also found that Jessee failed to show how he was prejudiced and how his counsel's performance was deficient, or a reasonably probability that, but for his counsel's alleged deficiencies, the result of the proceedings would have been different. Thus, the Supreme Court of Virginia found that neither claim satisfied the "performance" or "prejudice" prong of Strickland's two-part test.

The Supreme Court of Virginia did not unreasonably apply the law to Jessee's claim. Counsel presented to the jury all of the relevant information regarding the stabbing, Jessee's action after the stabbing, and Jessee's medical treatment. Further, Jessee's counsel reasoned that introducing the knife would have been cumulative, and this Court presumes counsel used professional judgment when making this decision. Strickland, 466 U.S. at 690 ("[C]ounsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment."). Jessee also failed to demonstrate in his state and federal habeas petition how he was prejudiced by counsel's alleged deficiency and, but for

8

counsel's actions, a reasonable juror would have concluded differently. See Powell v. Kelly, 562 F.3d 656, 668 (4th Cir. 2009). Thus, the Supreme Court of Virginia did not unreasonably find that Jessee failed to satisfy the "performance" and "prejudice" prongs of Strickland.

### 2. Counsel Failed to Relay Petitioner's State of Mind

Next, Jessee claims his counsel failed to properly relay to the jury an accurate portrayal of Jessee's state of mind, which was allegedly affected by Kite's maliciously stabbing Jessee. The Supreme Court of Virginia found that Jessee failed to state "what evidence of his state of mind counsel failed to present, what emotional and psychological changes he contends he experienced, or how such changes would have resulted in the conclusion that [Kite's] murder was justifiable and therefore warranted only a manslaughter conviction." Jessee v. Dir. of Dep't of Corrections, No. 091597 (Va. Apr. 16, 2010). The Supreme Court of Virginia further found that Jessee failed to demonstrate that counsel's performance was deficient or that there was a reasonable probability, but for counsel's alleged deficiency, the results would have been different.

In this § 2254 petition, Jessee elaborated on his state habeas claim stating that his counsel should have presented his "initial shock and disbelief of [Kite's] act" and by not doing so, his counsel failed to demonstrate that Jessee acted in the heat of passion.[2] As a result, Jessee argues that he was prejudiced because his counsel failed to establish that the homicide was not malicious and warrants a finding of no more than voluntary manslaughter.

Although a large number of arguments may possibly support a defense, counsel may strategically choose to focus on a small number of key points, without necessarily rendering

---

[2] Although Jessee elaborated on the claims he presented to the Supreme Court of Virginia with supporting facts and allegations, this does not raise any new claims. See Lee v. Johnson, 2010 WL 3937334, at *2 n.5 (E.D. Va. 28, 2010) ("The only difference between the petition filed in the Supreme Court of Virginia and the petition filed in this Court, is the inclusion of an additional four (4) pages of supporting facts and allegations. These four pages elaborate on the facts underpinning Lee's claims, but do not raise any new claims.").

9

counsel incompetent. Yarborough v. Gentry, 540 U.S. 1,7 (2003). Additionally, "[w]hen counsel focuses on some issues to the exclusion of others, there is a strong presumption that he did so for tactical reasons rather than through sheer neglect." Yarborough, 540 U.S. at 8; Strickland, 466 U.S. at 690 ("[C]ounsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment.").

This Court finds that the Supreme Court of Virginia's decision was not contrary to federal law. Jessee's counsel presumably did not relay to the jury Jessee's state of mind for tactical reasons. Jessee's counsel presented all relevant evidence regarding the stabbing and Jessee's action after the stabbing. To continue focusing on the stabbing incident might have taken away from counsel's other defenses. Thus, Jessee's counsel's failure to relay Jessee's state of mind does not warrant relief.

### 3. Counsel Erroneously Advised Petitioner Not to Testify

Jessee also contends that his counsel erroneously advised him not to testify at trial. The Supreme Court of Virginia reviewed Jessee's claim and found Jessee satisfied neither the "performance" nor the "prejudice" prong of the Strickland test. The Supreme Court of Virginia held that Jessee "fail[ed] to allege that counsel coerced him not to testify, and fail[ed] to state what his testimony would have been had he taken the stand." Jessee v. Dir. of Dep't of Corrections, No. 091597 (Va. Apr. 16, 2010).

Although only Jessee can waive his right to testify, Jessee's counsel must advise him of his right to testify and explain the tactical implications for not doing so. See Sexton v. French, 163 F.3d 874, 882 (4th Cir. 1998). A counselor must advice his clients of both the positive and negative implications of testifying. To sufficiently prove Jessee's counsel unconstitutionally denied him this right, Jessee must show his counsel flagrantly disregarded his desire to testify

10

and used coercion, intimidation, or threats. Carter v. Lee, 283 F.3d 240, 249 (4th Cir. 2002) (citing Reyes-Vejerano v. United States, 117 F.Supp.2d 103, 108-09 (D.P.R.2000)); United States v. Stevens, 129 F.3d 1261, 1997 WL 716228, *2 (4th Cir. Nov. 18, 1997) (unpublished)).

In this § 2254 petition, Jessee elaborates on his state habeas claim.[3] He charges that his counsel coercively advised him not to testify by instilling fear in him. More specifically, Jessee contends that his counsel told him not to testify based on his counsel's knowledge of how juries had treated defendants like Jessee in the past and told Jessee the prosecution had "some kind of vendetta" against him. Jessee argues that if his counsel had not so coerced him, he would have been able to explain his version of the events to the jury.

His counsel properly explained to him the implications of testifying based on his own knowledge and experience. While Jessee's counsel advised against testifying, the Supreme Court properly found this advice does not reach the level of coercion required to find ineffective assistance. Further, if Jessee's counsel did believe the jury and prosecutor were likely to be harsh against Jessee, a strong cross-examination could have called into question Jessee's character and defense. Jessee's counsel presumably tried to mitigate such damage by advising Jessee not to testify. In light of the strong presumption that counsel's tactical decisions warrant deference, this Court finds the Supreme Court of Virginia's decision did not contradict federal law. See Hutchins v. Garrison, 724 F.2d 1425, 1436 (4th Cir. 1983) ("Counsel's advice not to testify is a paradigm of the type of tactical decision that cannot be challenged as evidence of ineffective assistance."); Strickland, 466 U.S. at 690.

### 4. Appellate Counsel Failed to Brief Petitioner's Issues Adequately on Appeal

Lastly, Jessee charges that his counsel failed to brief his issues adequately on appeal by not developing his self-incrimination claim. The Supreme Court of Virginia found that Jessee

---

[3] *See supra* note 2.

failed to demonstrate that if the appellate counsel had adequately developed his issues on appeal, then Jessee's murder conviction would have been reversed. Thus, the Supreme Court of Virginia found he did not satisfy the "prejudice" prong of the Strickland two-part test.

Jessee fails to demonstrate any factual basis that Jessee's counsel improperly developed these issues. Additionally, Jessee failed to show in both his state and federal habeas petitions that, but for his counsel's alleged deficiencies, the results of the proceedings would have been different. Because of the lack of supporting facts, this Court cannot grant Jessee relief. The Supreme Court of Virginia's decision was neither an unreasonable application of federal law nor was it based on an unreasonable determination of the facts in light of the evidence.

Because the Supreme Court of Virginia fully adjudicated all of Jessee's ineffective assistance claims on their merits and did not rule unreasonably or contrary to clearly established federal law in rendering its decision, this Court cannot grant habeas relief on Jessee's inefficient assistance of counsel claims.

### b. Self-incrimination Claim

Jessee alleges in his § 2254 petition that the Commonwealth's prosecution of him for murder violated his 5th Amendment privilege against self-incrimination because he had first pled guilty to felony hit-and-run based on the same facts. As a result, Jessee argues that he unwittingly implicated himself from homicide by pleading guilty to hit-and-run. He claims that at his homicide trial, he could not deny he was the driver of the vehicle involved in the collision because "it had been factually determined prior to the trial" due to his pre-trial guilty plea.

In California v. Byers, 402 U.S. 424 (1971), the United States Supreme Court reviewed California's "hit-and-run" statute to determine whether it infringed the constitutional privilege against compulsory self-incrimination. Id. at 425. California's "hit and run" statute required a

motorist involved in an accident to stop at the scene and give his name and address to the other motorists. The respondent in Byers was charged with two-count criminal complaint arising out of the same vehicle collision. He was charged with passing another vehicle without maintaining the "safe distance" required by California law and for failing to stop and identify himself as required by the hit-and-run statute. Id. at 425-26. Focusing on the "[t]ension between the State's demand for disclosure and the protection of the right against self-incrimination" and "balancing the public need on the one hand, and the individual claim to constitutional protections on the other," the U.S. Supreme Court found there was no conflict between the hit-and-run statute and the self-incrimination privilege. Id. at 427. Further, the Court stated that the California statute was "directed at the public at large" and the group subject to the statute was neither "highly selective" nor "inherently suspect of criminal activities." Id. at 430-31 (citations omitted).

Unlike the California hit-and-run statute, the Virginia hit-and-run statute requires motorists to report the accident to the police in addition to other persons involved in the accident. The Virginia state requires:

> The driver of any vehicle involved in an accident in which a person is killed or injured or in which an attended vehicle or other attended property is damaged shall immediately stop as close to the scene of the accident as possible without obstructing traffic, as provided in § 46.2-888, and report his name, address, driver's license number, and vehicle registration number forthwith *to the State Police or local law-enforcement agency*, to the person struck and injured if such person appears to be capable of understanding and retaining the information, or to the driver or some other occupant of the vehicle collided with or to the custodian of other damaged property.

Virginia Code § 46.2-894 (2010) (emphasis added). Guided by the balancing analysis in California v. Byers, the Supreme Court of Virginia in Bank v. Commonwealth, 217 Va. 527 (1976), upheld Virginia's hit-and-run statute. Id. at 259. In Bank, the court reviewed whether

Virginia's hit-and-run statute infringed upon the constitutional privilege against self-incrimination of "one who has been adjudicated an habitual offender under Code § 46.2-387.1, et. seq." Id. at 257. The Bank court held that "even though there may be a 'real' possibility of self-incrimination to the 'hit and run'-habitual offender stemming from enforcement of our statute, nevertheless, the State's vital interest in its self-reporting system compels rejection of an effort to extend the self-incrimination privilege to such statutory framework." Id. at 259.

Following the same reasoning as Bank and Byers, this Court finds that Virginia's hit-and-run statute did not infringe upon Jessee's constitutional privilege against self-incrimination with respect to his intentional homicide conviction. The State has a vital interest in a self-reporting system. As stated in Byers and Bank, a reporting system effectively assures personal financial responsibility for automobile accidents. See Bank, 217 Va. at 259; Byers, 402 U.S. at 448 (Harlan, J., concurring). A reporting system further allows states to keep close control of vehicles and operators. See Bank, 217 Va. at 259 (citing People v. Samuel, 29 N.Y.2d 252, 258 (1971)). Accordingly, the Court finds that Jessee's self-incrimination claim is without merit.

## V. Conclusion

Jessee failed to exhaust his claims that (1) his murder conviction was obtained in violation of the protection against double jeopardy; (2) his two convictions are logically inconsistent; and (3) the police investigation was improper. Jessee also failed to exhaust his ineffective assistance of counsel claims with respect to his counsel's alleged (1) failure to raise evidence of an argument between Kite and Jessee, and (2) counsel's heavy reliance on Jessee's motion to quash and subsequent failure to prepare a defense to the murder. These claims are therefore barred. Further, Jessee is procedurally barred from proceeding with his malicious

14

prosecution claim. The Court also finds no merit in his exhausted ineffective assistance of counsel claims and self-incrimination claim.

For the stated reasons, the Respondent's motion to dismiss (Dkt. No. 11) is **GRANTED** and Jessee's 28 U.S.C. § 2254 Motion (Dkt. No. 1) is **DENIED**. An appropriate order shall issue this day.

Petitioner is advised that he may appeal this decision, pursuant to Rule 3 and 4 of the Federal Rules of Appellate Procedure, if a judge of the United States Court of Appeals for the Fourth Circuit or this court issues a certificate of appealability pursuant to § 2253(c). A certificate of appealability may issue only if the applicant has made a substantial showing of denial of a constitutional right. 28 U.S.C. § 2253(c)(2). This Court finds that Jessee has failed to demonstrate such a showing, and thus declines to issue any certificate of appealability pursuant to Rule 22(b) of the Federal Rules of Appellate Procedure. See Miller-El v. Cockrell, 537 U.S. 322 (2003); Slack v. McDaniel, 529 U.S. 473 (2000). If Jessee intends to appeal and seek a certificate of appealability from the Court of Appeals for the Fourth Circuit, his first step is to file a notice of appeal with this Court within 30 days of the date of entry of the final order, or within such extended period as the Court may grant pursuant to Rule 4(a)(5) of the Federal rules of Appellate Procedure.

The Clerk is directed to send copies of this memorandum opinion and the accompanying final order to Jessee and counsel of record for the Respondent.

ENTER: This 11th day of February, 2011.

_____
Senior United States District Judge